IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAWESOME PET PRODUCTS LLC, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) 2:22-cv-00629 |
| v. | ) |
| | ) |
| COLORFLOWERS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Pending before the Court is the Plaintiff's Motion (ECF No. 88) to Strike the Answer/Counterclaim of Defendant "Slickzthings4u" (ECF No. 87). Pursuant to the Court's Standing Order on Motions Practice (ECF No. 17), which is considered served pursuant to the Order at ECF No. 24, the response to the Motion was due on July 28, 2022. No such Response was filed, and the matter is ripe for disposition. The Motion to Strike (ECF No. 88) is GRANTED.

The preamble to Answer/Counterclaim at ECF No. 87 says that it is filed on behalf of an individual and that the name "Slickzthings4u" is in reality a fictitious name for that individual. Page 21 of that document bears what appears to be a manual signature of "Slickzthings4u" and not any individual human being. That signature is on a form used in landlord/tenant cases in the local state trial court, and that form otherwise appears to have nothing to do with this case. Additionally, that manual signature is in a "verification" block, and not as to the pleading itself, which bears at its conclusion only the typed version of the "fictitious name," "Slickzthings4u." There is nothing in the filing that purports to be the actual given name of the "individual" referenced in the preamble to the pleading. Nor is there any listing of the address, phone number, or e-mail address of the filer, nor any reference to representation by a lawyer.

Federal Rule of Civil Procedure 11 requires each pleading by a non-represented party to be "signed. . .by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). That same Rule says that "[t]he paper must state the signer's address, e-mail address, and telephone number," and goes on to say that "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.* The Motion at ECF No. 88 would have provided that notice of the deficits in the pleading. No correction has been filed.

The challenged pleading at ECF No. 87 says that it is filed on behalf of a fictitious name, but by an actual individual. That individual is never identified, and the "signature" that appears on the document is not that of an actual pleader, but only the fictitious name. In the Court's judgment that is no signature at all. Nor are the other Rule 11-required identifiers present in the challenged pleading, *e.g.*, the address, phone number and e-mail address of the actual pleader.

These elements of the pleading are expressly required by Rule 11. And the critical reason is so that all parties, and the Court, know exactly who they are dealing with; the actual signature of a real human being is required because that signature certifies compliance by the party and pleader with the pleading obligations of Rule 11. The document at ECF No. 87 is thus fatally defective for its failure to include those required elements, and by Rule and exercise of the Court's judgment, it will be and is STRICKEN. *See Jacquelyn S. Jordan Trust v. City of Franklin*, No. 3:22-cv-326, 2022 WL 1507196, at *1 (M.D. Tenn. May 12, 2022); *Jefferson v. Lee*, No. 3:20-cv-469, 2021 WL 2017898, at *1 (M.D. Tenn. May 20, 2021); *Jenkins v. Sladkus*, 226 F.R.D. 206, 207 (S.D.N.Y. 2005); *Boyle v. City of Liberty*, No. 92-0807-CV-W-6, 1993 WL 20177, at *3 (W.D. Mo. Jan. 29, 1993).

The Court also notes that the Plaintiff seeks the striking of the document at ECF No. 87 on the basis that in form and content, its complexity and use of legal terminology smacks of having

been "ghostwritten" by an unidentified lawyer. The Court agrees that the pleading at ECF No. 87 bears all of the hallmarks of that being the case and further agrees that such would be impermissible, but the Court need not rely on that argument in order to grant Plaintiff's Motion to Strike. On the other hand, the possibility that the pleading might have been "ghostwritten" does amplify and reinforce the necessity of the Rule 11-mandated disclosures. That is, it is essential that the pleading provide the necessary information regarding the identity of the actual pleader (here, the purported party rather than counsel) so that all parties and the Court are both aware of the identity of the actual pleader and have confidence that the pleading is certified to meet the pleading requirements of Rule 11. Those necessary elements are absent here; they are not *de minimis* nor merely unimportant technicalities; and, as such, those deficient papers will not be permitted to remain "live" on the docket. *See Kleven v. St. Joseph County*, No. 3:21-CV-961-JD, 2022 WL 2438050, at *2 (N.D. Ind. July 5, 2022).

For the above-stated reasons, and given that the pleading as submitted fails to meet the mark in a litany of critical ways, Plaintiff's Motion to Strike at ECF No. 88 is GRANTED and the papers at ECF No. 87 are STRICKEN, without prejudice. For record purposes, the document at ECF No. 87 will remain on the docket, but it will be of no force or effect.

Counsel for Plaintiff shall promptly cause a copy of this Order to be served by the means previously authorized by Order of this Court.

                                              /s/ Mark R. Hornak\_\_\_
                                              Mark R. Hornak
                                              Chief United States District Judge

Dated:  August 2, 2022